UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **DENNIS TUCKER** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | Civil Action No. 1:15-cv-1016 |
| **v.** | § | |
| | § | |
| **INFRASTRUCTURE SERVICES, INC.** | § | **JURY DEMANDED** |
| | § | |
| **Defendant** | § | |

## ORIGINAL COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff DENNIS TUCKER, by and through his undersigned attorney of record, and sues Defendant INFRASTRUCTURE SERVICES, INC. ("Defendant") and in support thereof would show unto this Honorable Court as follows:

1. Plaintiff brings this action for unpaid minimum wage, unpaid overtime compensation, and other relief under the Fair labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

2. Plaintiff is an individual residing in Dallas County, Texas.

3. Defendant INFRASTRUCTURE SERVICES, INC. is a domestic corporation doing business in the State of Texas. Defendant can be served with process by serving its registered agent for service of process, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, TX 75201-3136.

4. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1331, Title 28 U.S.C. § 1337, and by Title 28 U.S.C. § 216(b).

5. Venue is proper in this district under 28 U.S.C. § 1391 inasmuch as a substantial part of the events or omissions giving rise to this claim occurred in such district.

1

6. At all times pertinent to this Complaint, Defendant has acted, directly or indirectly, in the interest of an employer or joint employer with respect to Plaintiff.

7. At all times hereinafter mentioned, Defendant has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

8. At all times hereinafter mentioned, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

9. At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

10. At all times hereinafter mentioned, Plaintiff was an individual employee who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 206-207.

11. Plaintiff worked for Defendant in Hutto, Texas from 2010 to September, 2015. Plaintiff's job title was that of "Shop Manager". However, his primary duty was that of a nonexempt mechanic.

12. Defendant regularly refused to compensate Plaintiff for all hours worked each week. No justification or excuse existed for Defendant's practice of failing to compensate Plaintiff for all work performed each week.

13. As such, Defendant failed to pay Plaintiff minimum wages for all hours worked. Failure to pay minimum wages was and is in violation of the FLSA. Defendant willfully violated Plaintiff's rights under the FLSA.

14. During one or more weeks of Plaintiff's employment with Defendant, Plaintiff worked in excess of forty (40) hours (overtime hours).

15. During one or more weeks of Plaintiff's employment with Defendant wherein Plaintiff worked overtime hours, Defendant failed to pay Plaintiff one and one-half times Plaintiff's regular rate of pay for each overtime hour worked (overtime compensation).

16. The acts described in the preceding paragraph violate the FLSA, which prohibits the denial of overtime compensation for hours worked in excess of forty (40) per workweek. Defendant willfully violated Plaintiff's rights under the FLSA.

17. As a result of Defendant's unlawful conduct, Plaintiff is entitled to actual and compensatory damages, including the amount of minimum wages and overtime which was not paid and which should have been paid.

18. Plaintiff seeks and is entitled to an award of liquidated damages in an amount equal to Plaintiff's unpaid minimum wage and unpaid overtime pay pursuant to 29 U.S.C. § 216(b).

19. Plaintiff also seeks compensation for expenses and costs of court that will be incurred in this action. Plaintiff is also entitled to reasonable and necessary attorney's fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that:

1. The Court assume jurisdiction of this cause and that Defendant be cited to appear;

2. The Court award damages to Plaintiff as specified above;

3. The Court award reasonable and necessary attorney's fees and costs; and

4. The Court award Plaintiff pre- and post-judgment interest at the highest rates allowed. Plaintiff further prays for any such other relief as the Court may find proper, whether in law or in equity.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted:


By: */s/ David G. Langenfeld*
**David G. Langenfeld**
State Bar No. 11911325
LEICHTER LAW FIRM
1602 East 7th Street
Austin, TX  78702
Tel.:  (512) 495-9995
Fax:  (512) 482-0164
Email:  david@leichterlaw.com

**ATTORNEYS FOR PLAINTIFF**